Porter, J.
delivered the opinion of the court. The petitioners state that they delivered to the defendant ten bales of cotton, out of which he was to pay himself the amount of a due bill in his hands and refund the overplus to them. That the difference between the amount of the one and the proceeds of the other was eighty-five dollars, twelve cents, which he refuses to pay: and that he also refuses to deliver up the obligation which the cotton was given to discharge.
The defendant answers, that in March 1823, the plaintiffs did deliver to him a quantity of cotton, to be shipped and sold by the respondent, and the proceeds applied to the payment of an execution against them, at the suit of McLanahan & Begart, according to the written consent of said plaintiffs.
*115 That the cotton was shipped in pursuance of this agreement to John Clay, who was then doing business in New-Orleans, and was in good credit. That it was sold by him, but that before rendering an acconnt, and making payment of the proceeds, he failed, and became insolvent, whereby said cotton and proceeds were lost.
That in consequence of the premises, the plaintiffs are still bound and liable to deliver other cotton, or pay the price thereof in money to the respondent, who therefore reconvenes them for the value, three hundred and ninety dollars.
Prescription, and the want of an amicable demand are also pleaded.
The judge below decided against the plaintiffs, as to the money claimed in the petition; but directed the defendant to surrender the due bill, and pay the costs. From this judgment he appealed, and the plaintiffs in this court have prayed that the decree be so amended, as to allow them the stated difference between the obligation which the defendant held, and the amount for which the cotton sold.
By the answer of the defendant, he appears to have been the agent of McLanahan & Bogart, and nothing proved in evidence establishes *116 a right in him to demand the amount of them. It is proved, however, on the part of the plaintiffs, that the cotton was delivered in payment of a due bill which the defendant held on them, and he has not shewn, though he has alleged, that he was acting as the agent of another. He must, therefore, surrender the obligation, if the evidence prove a right in the plaintiffs to demand it.
The principal proof on this head is contained in the testimony of Thomas, who swears the defendant accepted the cotton in discharge of the note. Nothing which falls from the other witnesses in any respect impairs the credit, due to this statement, and, as the note was discharged it must be surrendered.
But as to the overplus, it is clear the defendant acted as the agent of the plaintiffs, in selling the cotton, and he is not responsible for it. It is shewn, that Clay, to whom it was sent for sale, was in good credit at the place of the residence of the parties at the time the shipment was made.
The remaining question relates to the costs. The parish judge formed his opinion on the 549th and 169th articles of the code of practice, and concluded, that as no real tender had *117 been made, the defendant must pay the cost, although the plaintiffs had not made an amicable demand.
The 169th article of the code of practice says, there shall no longer be any necessity for an amicable demand in writing. It is impossible not to believe it was the intention of the legislature still to require a demand should be made verbally. Had they intended to abolish it entirely, they would certainly have said, it shall no longer be necessary to make an amicable demand The 549th article does no more than re-enact the provision, found in our laws previous to the passage of the code of practice. By them, the party cast was to pay the costs, and a real tender compelled the plaintiff to proceed at the risk of paying them, if he did not recover more than the sum deposited by his adversary. These laws were never understood to do away the necessity of an amicable demand, and we do not see why they should have a greater effect by being found in the code. They could well stand together before, and they may do so now. Vol. 7, 264.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court *118 be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the defendant shall deliver to the plaintiffs the obligation mentioned in their petition: that, as to the demand of eighty-four dollars twelve cents, there shall be judgment tor the defendant, and that the plaintiffs pay costs in both courts.
Preston for the plaintiffs—Lockett for the defendant.